IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MARVIN LOTT, Register No. 198045. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4151-CV-C-SOW |
| | ) | |
| JEFFERSON CITY CORRECTIONAL | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Marvin Lott, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff's original motion filed with the court on September 9, 2007, seeks injunctive relief against defendant Jefferson City Correctional Center (JCCC), on plaintiff's claims that his rights under the Eighth Amendment are being violated because the prison continues to house him in administrative segregation. Plaintiff states he cannot be housed in general population or protective custody because he has too many enemies. Plaintiff seeks to be transferred to a different correctional facility so that he may enjoy the privileges denied him because of his ongoing administrative segregation assignment. Plaintiff also alleges that the handcuffs used on him in administrative segregation are too small for his large size, and are causing him undue pain and suffering and possible nerve damage.

Since the filing of his original pleading, plaintiff has filed additional motions seeking an emergency preliminary injunction. These additional motions will be treated as amendments to plaintiff's original motion/complaint seeking relief. Plaintiff's additional motions for preliminary injunctive relief name as defendants Mrs. Taylor, Dave Dormire, Sergeant Hovis, and Caseworker Geritol at JCCC. Plaintiff's motions allege that corrections officials have placed him in a cell with inmate Anthony Lyles, whom he has previously identified as an enemy.

Plaintiff alleges his life is in danger. In support of his requests for relief, plaintiff attaches an affidavit of Anthony Lyles, which states he and plaintiff have had problems in the past, and that he considers plaintiff to be his enemy. Inmate Lyles' affidavit states that corrections officials attempted to place plaintiff in a cell with him once before, but that plaintiff refused; however, a week later, corrections officials forced plaintiff to cell with him. Inmate Lyles states that neither he nor Lotts have signed an enemy waiver.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Upon review, pursuant to 28 U.S.C. § 1915A, plaintiff's allegations regarding his assignment to administrative segregation and related denial of privileges and request for transfer to another institution, fail to state a claim on which relief may be granted.

"[P]risoners do not shed all constitutional rights at the prison gate, but lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Sandin v. Conner, 515 U.S. 472, 485 (1995). Thus, a determination as to whether an alleged deprivation is improper, the focus is on whether the deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Segregated confinement does not normally "present a dramatic departure from the basic conditions" of prison life. Sandin, at 485-86. It has been consistently held that assignment to segregation, even without cause, is not itself an atypical significant hardship. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003), Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002) (administrative and disciplinary segregation are not atypical and significant hardships under Sandin).

2

Further, to the extent plaintiff seeks a transfer, he has no liberty interest in assignment to any particular prison. Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996) (citing Meachum v. Fano, 427 U.S. 215, 224 (1976)). "[A] prisoner enjoys no constitutional right to remain in a particular institution and generally is not entitled to due process protections prior to . . . a transfer." Murphy v. Missouri Dept. of Corr., 769 F.2d 502, 503 (8th Cir. 1985). Further, transfers may be made for a variety of reasons and may be based on informed predictions of what would best serve institutional security or the safety and welfare of the inmate. Gomez v. Grossheim, 901 F.2d 686 (8th Cir. 1990) (citing Meachum v. Fano, 427 U.S. at 224). "[C]onstitutionally speaking, assignments [to particular prisons] are discretionary, so long as they are not done for prohibited or invidious reasons and do not rise to independent constitutional violations on their own weight." Moorman v. Thalacker, 83 F.3d at 973 (citing Vitek v. Jones, 445 U.S. 480 (1980); Sisneros v. Nix, 884 F. Supp. 1313, 1346 (S.D. Iowa 1995)).

Plaintiff's allegations seeking preliminary injunctive relief on his claims of being forced to share a cell with his enemy and claims regarding his handcuffs being too tight, causing pain and suffering, however, are sufficient to proceed under 42 U.S.C. § 1983. Although these allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage. A telephone conference will be scheduled promptly to address plaintiff's claims/requests for preliminary injunctive relief.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915. The records available to the court indicate plaintiff is capable of making an initial payment of $15.83[1] toward

---

[1] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915. If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis against named Jefferson City Correctional Center defendants Mrs. Taylor, Dave Dormire, Sergeant Hovis, and Caseworker Geritol on plaintiff's claims that he is being forced to share a cell with his enemy and that the handcuffs being used on him in administrative segregation are too tight and are causing him pain and suffering. [3] It is further

ORDERED that within thirty days, plaintiff make an initial payment of $15.83 toward the $350.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants he will and will not waive service of process. It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's claims regarding his assignment to administrative segregation and related denial of privileges, and request for transfer to another institution be dismissed, pursuant to 28 U.S.C. 1915A, for failure to state a claim on which relief may be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 16th day of October, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge