IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MARVIN LOTT, Register No. 198045.   )
                                    )
                    Plaintiff,      )
                                    )
            v.                      )   No. 07-4151-CV-C-SOW
                                    )
JEFFERSON CITY CORRECTIONAL         )
CENTER, et al.,                     )
                                    )
                    Defendants.     )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Marvin Lott, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On October 29, 2007, a telephone conference was held in this case to address plaintiff's motions seeking emergency injunctive relief. Plaintiff's motions state corrections officials have placed him in a cell with inmate Anthony Lyles, whom plaintiff had previously declared as an enemy. Counsel from the Missouri Attorney General's Office, who will likely represent the defendants in this action, appeared in person, as a courtesy to the Court.[1] Plaintiff appeared pro se by telephone.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980). See also Cole v. Benson, 760 F.2d 226 (8th Cir.

---

[1] A formal appearance had not yet been entered by defendants or their legal counsel in this case at the time of the conference.

1985). In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

At the conference, plaintiff advised the court that he was no longer being celled with Anthony Lyles, or any other of his declared enemies. However, plaintiff advised the court that he has previously been forced to cell with his declared enemy, Anthony Lyles, on two occasions, and would likely be put in the dangerous situation again.

Pursuant the discussion at the conference, this court finds there is not an imminent threat of harm to plaintiff. Plaintiff has been moved to a cell separate from his declared enemy, Anthony Lyles. Plaintiff's motions seeking emergency injunctive relief should be denied.

However, legal counsel making a courtesy appearance before the court on behalf of defendants, was requested to submit, within two weeks of an entry of appearance, information available as to why plaintiff was placed in a cell on two occasions with his declared enemy, Anthony Lyles.

2

IT IS, THEREFORE, ORDERED that within two weeks of entry of appearance by defendants in this action, defense counsel submit to the court information as to why plaintiff was placed in a cell on two occasions with his declared enemy, Anthony Lyles. It is further

RECOMMENDED that plaintiff's motions seeking emergency injunctive relief be denied. [4, 5, 6]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 9th day of November, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge