IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MARVIN LOTT, Register No. 198045.   )
                                    )
                 Plaintiff,         )
                                    )
         v.                         )   No. 07-4151-CV-C-SOW
                                    )
JEFFERSON CITY CORRECTIONAL         )
CENTER, et al.,                     )
                                    )
                 Defendants.        )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On October 16, 2007, plaintiff was directed to make an initial payment of $15.83 toward the filing fee. Plaintiff was advised that failure to comply with the court order could result in dismissal, pursuant to Fed. R. Civ. P. 41(b). As stated in <u>M.S. v. Wermers</u>, 557 F.2d 170, 175 (8th Cir. 1977):

> A district court has power to dismiss an action for failure of the plaintiff to comply with 'any order of court.' Fed. R. Civ. P. 41(b). Such action may be taken on the court's own motion, <u>Welsh v. Automatic Poultry Feeder Co.</u>, 439 F.2d 95, 96 (8th Cir. 1971); <u>see Stanley v. Continental Oil Co.</u>, 536 F.2d 914, 916-17 (10th Cir. 1976), and may be exercised under the court's inherent power to control its docket, <u>Pond v. Braniff Airways, Inc.</u>, 453 F.2d 347, 349 (5th Cir. 1972); <u>see also</u> <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-33 (1962), and to protect the integrity of its orders, <u>Fendler v. Westgate-California Corp.</u>, 527 F.2d 1168, 1170 (9th Cir. 1975). <u>See generally</u> 15 A.L.R. Fed. 407 (1973).

A review of the record indicates plaintiff has not paid the initial portion of the filing fee, even though he was granted an extension of time in which to do so. Plaintiff, instead, on December 13, 2007, filed a request for reduction of his filing fee. Despite plaintiff's original filing titled as a request for emergency injunctive relief, he had ample notice that he would be responsible for

paying the filing fee in this case. Upon plaintiff's filing of his motion with the court, the clerk of court forwarded forms to him for submission of his complaint in forma pauperis. These forms advised plaintiff he was requesting to proceed without prepaying the filing fee in the case and would be required to pay the full filing fee as set forth by the provisions for payment in 28 U.S.C. § 1915. Plaintiff submitted his form requesting to proceed in forma pauperis, pursuant to section 1915, on August 21, 2007. Additionally, the Report and Recommendation of October 16, 2007, advised plaintiff that he was required to pay the filing fee in this case, pursuant to 28 U.S.C. § 1915. On November 16, 2007, plaintiff continued with his claims and filed objections to the Report and Recommendation. This court finds no basis for reducing plaintiff's filing fee.

Included in plaintiff's December 13, 2007 motion was a request to dismiss his claims, without prejudice. Based on the foregoing, plaintiff's request for dismissal, without prejudice, and his November 26, 2007 motion for preliminary injunctive relief should be denied as moot.

IT IS, THEREFORE, ORDERED that plaintiff's request for reduction in his filing fee is denied. [19] It is further

RECOMMENDED that plaintiff's motion to dismiss his claims, without prejudice, be denied as moot. [19] It is further

RECOMMENDED that plaintiff's motion of November 26, 2007, for preliminary injunctive relief be denied as moot. [16] It is further

RECOMMENDED that plaintiff's claims be dismissed for failure to comply with court orders, pursuant to the provisions of Fed. R. Civ. P. 41(b).

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 8th day of January, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3